ELIJAH H. TOMPKINS v. PORTER A. HITCHCOCK.

[See *post*, 123.]

*Contract for procuring furniture at dealers' rates—Action for commission.*

Where in a suit by a furniture dealer for commissions agreed to be paid by a customer above *dealers' rates*, which plaintiff agreed to secure for him of wholesale dealers, it appeared that plaintiff gave the proper introduction on that basis, the presumption was that the purchases were so made, which fact was peculiarly within defendant's knowledge, and his silence when on the stand, on that subject, might fairly be made to weigh against him.

Error to Oakland. (Stickney, J.) Argued February 9, 1888. Decided March 2, 1888.

*Assumpsit.* Plaintiff brings error. Reversed. The facts are stated in the opinion.

*J. W. Robbins,* for appellant.

*Draper & Davis,* for defendant.

CAMPBELL, J. Plaintiff, who is a furniture dealer in Pontiac, sued defendant for commissions at the rate of 10 per cent. on $1,000 worth of furniture purchased by defendant at Grand Rapids by plaintiff's aid. The contract sued on appears to have arisen in this way: Defendant, wishing to purchase furniture, came to plaintiff's store, and not being satisfied with the variety in the assortment, and desiring more room for selection, an understanding was had, testified to as follows by plaintiff:

" I told him that I would go with him to Grand Rapids or Chicago, where he could get all the selection that was required, if he would let me know when he got ready, and I

would furnish the goods at 10 per cent. above the purchase price, he pay the freights on them. I would unpack them, clean them up, and deliver them in the house for 10 per cent. on the purchase price of the goods; and he said that was cheap enough."

Plaintiff testified to going with defendant to Grand Rapids, where he introduced defendant to several factories, and told the managers what he had come there for, and to give defendant the goods at wholesale prices, as the commission was arranged at the other end of the road. Plaintiff, by arrangement, left defendant to make his selections, and returned home Saturday.

The next Tuesday plaintiff saw defendant in Pontiac, and inquired about the purchases. Defendant said he had not got through, but had taken the numbers of the different articles he wanted, that being the usual way of designating them, and had the prices, and was going back, and would see plaintiff again. Plaintiff heard no more from him, but afterwards found he had made purchases the amount of which, as he heard defendant say, was $1,000.

Defendant, although sworn as a witness, did not deny any of these facts. Nevertheless the court below directed the jury that plaintiff could not recover on this state of things, and only allowed a verdict for a small bill of other articles furnished in Pontiac. No reason was given for the ruling.

The only reason suggested by counsel is that plaintiff did not prove that defendant bought at dealers' rates. But he did prove that he gave the proper introduction on that basis, and that when he saw defendant after his return to Pontiac no reference was made by the latter to any other scale of prices. It was presumable that the purchases were so made, and defendant had an opportunity on the stand, and could have denied it if not true. The facts were peculiarly in his knowledge, and his silence might fairly be made to weigh against him.

In our opinion the case should have gone to the jury under the contract.

Judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.