ELIJAH H. TOMPKINS v. PORTER A. HITCHCOCK.

[See *ante*, 121.]

*Verbal contract—Province of jury—Agreement to procure furniture at dealers' rates.*

1. Where a *verbal* agreement is sued upon, it is for the jury to find from *all* of the testimony *what* the contract between the parties was.

2. In this case it is held that there was testimony from which the jury might find that the furniture purchased by defendant was furnished at dealers' rates through the aid of the plaintiff, and the facts testified to in that behalf being disputed, it was for the jury to say where the truth lay in that respect.

Error to Oakland. (Moore, J.) Argued January 25, 1889. Decided February 1, 1889.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Theodore Hollister*, for appellant.

*J. W. Robbins*, for plaintiff.

CHAMPLIN, J. This case was before us at the January term, 1888 (69 Mich. 121, 36 N. W. Rep. 742), when the judgment was reversed, and a new trial granted. Another

trial has been had, which resulted in a verdict and judgment for the plaintiff for $102.25.

The declaration alleged that the plaintiff had been for 15 years engaged in the business of buying and selling furniture in the city of Pontiac, Oakland county, and in other cities throughout the State of Michigan.

"That by reason of the experience, skill, and knowledge of the furniture business, gained and acquired by the said plaintiff in and about said furniture business, the said plaintiff was and is enabled to render material aid to persons desirous of making purchases of goods in the said furniture line.

"That on, to wit, September 12, 1885, the said defendant, for the purpose of obtaining the assistance, knowledge, and skill of the said plaintiff, so as aforesaid gained and acquired, to enable him, the said defendant, to make a purchase of a large bill of goods in the said furniture line, he, the said defendant, then and there undertook and faithfully promised the said plaintiff that if he, the said plaintiff, would meet the said defendant in the city of Grand Rapids, in said State, and then and there, at the place last above mentioned, introduce the said defendant to the dealers in furniture there, in the said city of Grand Rapids, and request them, said dealers in furniture, in said city of Grand Rapids, to sell the said defendant any goods which he might purchase of them at and for the same price or prices which the said dealers in furniture in Grand Rapids would make to said plaintiff, he, the said defendant, would allow and pay to the said plaintiff, for such assistance so as aforesaid rendered, a commission of 10 per cent. on all the furniture purchased by said defendant of and from said dealers in said city of Grand Rapids.

"That afterwards, on, to wit, the twelfth day of September, 1885, the said plaintiff performed in every particular part his part of the said agreement and undertaking, as above set forth for him, the said plaintiff, to perform, at the special instance and request of the said defendant, and, by and through the aid and assistance so as aforesaid rendered the said defendant, the said defendant was enabled and did purchase furniture at the said city of Grand Rapids in bills aggregating a large amount of money, to wit, the sum of $1,000 ; and, although a reasonable time for the payment of the said commission has long since expired, yet the said defendant, not regarding his said promise and undertaking, has not as yet paid the said commission of 10 per cent., or any

part thereof, to the said plaintiff, although often requested so to do,—to plaintiff's damage $100.".

To which is added all the common counts in *assumpsit*.

The testimony introduced by plaintiff fully supported the allegations of the declaration.

Upon cross-examination, he testified that under that arrangement defendant was to have the goods at wholesale or dealers' rates; that he told him that he would request them to give defendant the same prices that they would give to plaintiff; and that he understood at that time that, if Mr. Hitchcock got no benefit from his request and his introductions, still he was to pay him the commissions on the goods he purchased. He also testified that he was to get the goods for defendant at the same prices they would sell to him for, and that would be dealers' rates; that he introduced defendant to Nelson, Matter & Co., manufacturers and dealers in furniture, at Grand Rapids, and to the salesman, and requested him to give Mr. Hitchcock goods at the same prices he would give to him, and the salesman said he would do so.

It appears, further, that there was testimony tending to prove that defendant purchased $1,000 worth of goods from Nelson, Matter & Co., and refused to pay plaintiff any commission.

The defendant requested and the court charged the jury that the burden of proof was upon the plaintiff to satisfy them, by a preponderance of evidence, that the defendant was furnished the furniture bought by him at Grand Rapids at dealers' or wholesale rates, and that, if they were unable to say from the proofs that defendant was furnished the furniture in question at wholesale or dealers' rates, then their verdict should be for the plaintiff for the amount proved to be due him for the articles furnished defendant by plaintiff; that is, the sum of $2.25. The contention now is that there was no testimony to support the point that the furniture was furnished at wholesale or dealers' rates.

We think the court imposed upon the plaintiff a heavier burden than the testimony warranted. The agreement was not in writing, and it was for the jury to find from all the testimony what the agreement between the parties was. Under the evidence, they were at liberty to find the contract was as plaintiff testified on his direct examination, which corresponded entirely with the contract set up in the declaration.

But we think there was testimony from which the jury were justified in finding that the furniture was furnished at dealers' rates. In the presence of Mr. Hitchcock, according to the testimony of plaintiff, he requested the head salesman of Nelson, Matter & Co. to let Mr. Hitchcock have the goods at the same prices for which they would sell to him, which was the same thing as wholesale or dealers' prices; that he and Hitchcock had fixed their commissions at the other end of the road; and the salesman said he would do so, and did sell to Mr. Hitchcock $1,000 worth of furniture. This was at least *prima facie* evidence of the fact that the sale to Hitchcock was at dealers' rates.

The presumption is that the promise or agreement, if it may be called such, between these three parties, was carried out rather than that it was violated. Defendant, when sworn and examined in his own behalf, was not asked by his counsel whether the goods were furnished to him at dealers' rates, but was asked: "Have you any means of knowing whether you got those goods at wholesale or dealers' rates or retail rates?" and replied: 'No, sir; I have not." What occurred at the interview at Nelson, Matter & Co.'s is disputed by the testimony introduced on behalf of defendant, but it was for the jury to determine where the truth lay in that respect.

The judgment should be affirmed, with costs of both courts to plaintiff.

MORSE, CAMPBELL, and LONG, JJ., concurred. SHERWOOD, C. J., did not sit.